1  **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Lisa Marie Rosado, | No. CV-17-00190-PHX-JJT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Lisa Marie Rosado's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 16, "Def.'s Br."), and Plaintiff's Reply (Doc. 19, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 9, R.) and now reverses the Administrative Law Judge's decision (R. at 20-37) as upheld by the Appeals Council (R. at 1-3).

**I.    BACKGROUND**

Plaintiff filed an Application for Disability Insurance Benefits on September 10, 2014, for a period of disability beginning November 26, 2012. (R. at 20, 225-27.) Plaintiff's claim was denied initially on March 30, 2015 (R. at 132-35), and on reconsideration on July 20, 2015 (R. at 140-42). Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on January 25, 2016. (R. at 44-82.) On

July 28, 2016, the ALJ denied Plaintiff's Application. (R. at 20-37.) On November 22, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-3.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety, and the pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of post-traumatic stress disorder ("PTSD"), major depressive disorder, borderline personality disorder, degenerative disc disease ("DDD") of lumbar and cervical spine, mild tendinopathy of the left shoulder status post-surgical intervention, history of Madelung's deformity of the right wrist status post-surgical intervention, pseudo-tumor cerebri, headaches, and obesity. (R. at 22-23.) The ALJ concluded that, although Plaintiff cannot perform her past relevant work, she has the RFC to perform work in the national economy, such that Plaintiff is not disabled under the Act. (R. at 35-37.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred in weighing Plaintiff's 100% disability rating by the U.S. Department of Veterans Affairs ("VA"); (2) the ALJ erred in weighing the assessments of non-treating physicians; and (3) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 13-25.)

Plaintiff served in the U.S. Air Force security forces and was deployed to Iraq in 2008, where she was exposed to rocket and mortar attacks. (R. at 1098.) Around November 26, 2012, Plaintiff received in-patient medical treatment for depression with

suicidal and homicidal ideations. (R. at 51-52.) The VA conducted physical examinations of Plaintiff in October 2012 and January 2013, placing limitations on Plaintiff's physical capabilities that included no lifting objects more than five pounds and no walking more than a quarter mile. (R. at 2588-89.) Then, in a certified evaluation dated April 26, 2013, the VA found that Plaintiff had a 50% disability rating due to combat-related PTSD with major depressive disorder, and a 20% disability rating due to chronic low back pain with sciatica, DDD at levels L4-5 and L5-S1, spinal stenosis, left shoulder pain, and right forearm pain, for a total of a 70% disability rating. (R. at 1097.) Over the course of the next two years, the VA regularly re-evaluated Plaintiff's condition and increased her disability rating to 90% and then 100%, with increases in the rating for PTSD and major depressive disorder as well as Plaintiff's spinal impairments. (R. at 1099-1129, 2512-15, 2534, 2559-2572.) In January 2015, the VA found that Plaintiff had a 70% disability rating for the PTSD with major depressive disorder components of her conditions, finding that Plaintiff has

> difficulty in adapting to work; near-continuous panic affecting the ability to function independently, appropriately and effectively; difficulty in adapting to stressful circumstances; suicidal ideation; difficulty in adapting to worklike setting; disturbances of motivation and mood; panic attacks more than once a week; occupational and social impairment with reduced reliability and productivity, mild memory loss, depressed mood, chronic sleep impairment, anxiety, [and] suspiciousness.

(R. at 2514.) The VA's evaluation included a review of Plaintiff's treatment records—the same records that the ALJ had before her.

The ALJ gave little weight to the VA's extensive evaluations and disability findings because they were "not supported by the record." (R. at 33-34.) She stated that Plaintiff's mental condition stabilized with treatment, Plaintiff's testimony revealed symptom improvement, and Plaintiff had "mild-to-moderate GAF scores." (R. at 33-34.) Elsewhere in her decision, the ALJ opined that the medical record shows that Plaintiff's mental condition stabilized after her five-week hospitalization in 2012, that her

- 4 -

impairments "responded well to treatment," and that "her GAF scores were consistently mild-to-moderate in severity." (R. at 32.)

In the Ninth Circuit, the ALJ must ordinarily give great weight to a VA determination of disability because of the "marked similarity between these two federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*Id.* (internal citations omitted). The ALJ may, however, give less weight to the VA's disability rating if the ALJ "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

In this instance, the ALJ's reasons for giving little weight to the VA's determination are less than persuasive or specific. The VA's determination that Plaintiff was 70 to 100 percent disabled and unemployable over the relevant period was based primarily on findings that she exhibited specific symptoms of PTSD and major depressive disorder. (*E.g*, R. at 1097-1129, 2512-15, 2534, 2559-2572.) In her decision to give little weight to the VA's finding that Plaintiff suffered from PTSD and major depressive disorder, the ALJ provided general statements—without citing a specific example from the medical record—that Plaintiff had either stabilized or improved. (R. at 32-34.) The medical treatment record does not support the ALJ's apparent further conclusion that because Plaintiff had stabilized or improved to any degree, she no longer had any significant limitations on account of PTSD and major depressive disorder. *See*, *e.g.*, *Petty v. Astrue*, 550 F. Supp. 2d 1089, 1099 (D. Ariz. 2008) (noting "a condition can be stable but disabling").

For example, the record of Plaintiff's June 6, 2013, treatment at a psychiatric clinic notes "partial improvement" but also notes multiple findings indicating Plaintiff's limitations, including anxiety, difficulty concentrating, forgetfulness, and sleeplessness. (R. at 1928.) At each of Plaintiff's visits to psychiatric professionals over the course of the relevant period, the treating professionals concluded that Plaintiff suffers from multiple symptoms of PTSD and major depressive disorder. (*E.g.*, R. at 1928, 2221, 2224-25, 2246-48, 2250-52, 2512-14, 2333, 2926.) The VA's conclusion that Plaintiff was disabled in large part by PTSD and major depressive disorder was supported by contemporaneous records by treating medical professionals, and—contrary to the ALJ's apparent conclusion—the VA's finding was uncontroverted by Plaintiff's testimony at the hearing before the ALJ (R. at 51-59).

In sum, upon review of the record in this case, the ALJ neither provided nor had persuasive, specific and valid reasons to ignore the VA's determination of Plaintiff's complete disability. *See McCartey*, 298 F.3d at 1076; *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (rejecting two of the ALJ's reasons for discounting the VA's disability determination as invalid and concluding that a third, partial reason could not provide the sole basis for discounting the VA's disability determination).

The Court also finds merit in Plaintiff's other two arguments for remand. The ALJ erred in justifying giving little weight to treatment records and significant weight to the non-treating physicians' assessments by again failing to provide specific citations to Plaintiff's medical treatment records which the ALJ maintained were consistent with the non-treating physicians' findings, (*e.g.*, R. at 34 (the ALJ stating without citation to the record that the fact that Plaintiff "exhibited cooperative behavior, friendly demeanor and good eye contact" in her treatment sessions meant that Plaintiff would have no problem interacting with coworkers in the work setting)). *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Likewise, the ALJ erred by failing to provide specific, clear and convincing reasons to reject Plaintiff's symptom testimony, *Garrison v. Colvin*, 759 F.3d 995, 1014-16 (9th Cir. 2014), and the Court finds that Plaintiff's symptom testimony was

consistent with the medical treatment records as well as the VA's disability determinations.

The ALJ's errors in failing to properly credit the VA's disability determination and the limitations arising from Plaintiff's underlying psychiatric and physical conditions warrant remand for a calculation of benefits. The Court does not so conclude by equating the VA's disability determination with a SSA disability determination. As Defendant notes, the two systems differ in some respects. Rather, because the VE testified (R. at 79-81) that Plaintiff is unable to work if she was unable to appropriately interact with others, including coworkers—a finding noted in numerous assessments of Plaintiff, including those of the VA (*e.g.*, R. at 2514)—proper consideration of the VA's disability determination *and* the limitations arising from Plaintiff's underlying conditions unquestionably results in a disability finding under the Act.

Indeed, Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 26.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the VA's assessment records, the medical treatment records, and Plaintiff's symptom testimony. The Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Considering the record as a whole, including Plaintiff's testimony as to her physical limitations—which the Court credits as a matter of law—and the testimony of the VE (R. at 79-81), the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison*, 759 F.3d at 1022-23; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007)

## IV. CONCLUSION

The VA's determination that Plaintiff is disabled is supported by substantial evidence in the record, and the ALJ should have afforded this determination great weight due to the marked similarity between the two federal disability programs. *McCartey*, 298 F.3d at 1076. The ALJ did not persuasively show that the voluminous record in this case contains reliable evidence from the relevant period controverting the VA's determination of Plaintiff's complete disability. Moreover, when taking into account Plaintiff's limitations as identified in the medical treatment records and the VA's assessments, there is no question that Plaintiff is disabled under the Act. In sum, Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's Application for Disability Insurance Benefits under the Act and remand for a calculation of benefits.

IT IS THEREFORE ORDERED reversing the July 28, 2016, decision of the Administrative Law Judge, (R. at 20-37), as upheld by the Appeals Council on November 22, 2016, (R. at 1-3).

IT IS FURTHER ORDERED remanding this case to the Social Security Administration for a calculation of benefits.

. . . .

. . . .

. . . .

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 13th day of July, 2018.

Honorable John J. Tuchi
United States District Judge